**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10356 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00194-LRH-PAL-1 |
| v. | |
| FRANK TOCCI, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted April 17, 2019[**]

Before: McKEOWN, BYBEE, and OWENS, Circuit Judges.

Frank Tocci appeals from the district court's judgment and challenges the

45-month sentence imposed following his guilty-plea conviction for being a felon

in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Tocci contends that the sentence is substantively unreasonable because the court's reasons for varying upward lacked evidentiary support and both the government and the probation officer had recommended a within-Guidelines sentence. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The court was not bound by the parties' sentencing recommendations, and the record reflects that the court varied upward largely because of Tocci's criminal history. To the extent the court relied on Tocci's conduct while in custody and the circumstances of the offense in imposing the sentence, the undisputed portions of the presentence report supported the court's findings. *See United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

Insofar as Tocci argues that the district court violated Federal Rule of Criminal Procedure 32 at sentencing, we decline to reach that issue, which Tocci raised for the first time in his reply brief. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).

**AFFIRMED.**

18-10356